UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTHUMAN NTALE,<br>      Plaintiff,<br><br>v.<br><br>MAURA HEALEY, et al.,<br>      Defendants. | )<br>)<br>)  Civ. Action No. 19-11046-NMG<br>)<br>)<br>)<br>) |

**ORDER**

October 2, 2020

**GORTON, J.**

On May 3, 2019, Othuman Ntale ("Ntale") initiated this action by filing a complaint that recounted events surrounding Mr. Ntale's arrest in March 2019 and subsequent evaluation of his competence to stand trial. See Docket No. 1. Because the case was filed without payment of the filing fee, Ntale was granted additional time to do so. See Docket No. 4. On July 10, 2019, Ntale filed a motion for leave to proceed in forma pauperis. See Docket No. 5.

On September 9, 2019, plaintiff was granted leave to proceed in forma pauperis. See Docket No. 6. At that time, plaintiff was advised that his complaint was subject to dismissal and he was granted twenty-one days to file an amended complaint. Id. The following day, on September 10, 2019, plaintiff filed a request to dismiss the case. See Docket No. 7.

On September 12, 2019, this action was dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i). See Docket No. 9. On

October 7, 2019, the Order was returned to the court as undeliverable. See Docket No. 10.

Ten months later, on August 11, 2020, Ntale filed a letter stating that a restraining order was entered against Ntale in state court and that he seeks to reopen this case against the state court judge. See Docket No. 11. On October 1, 2020, Ntale filed a letter concerning the same state court judge. See Docket No. 12.

Relief from judgment pursuant to Fed. R. Civ. P. 60(b) is "committed to the district court's sound discretion." Stonkus v. City of Brockton Sch. Dept. , 322 F.3d 97, 100 (1st Cir. 2003). The rule provides several ground for relief from a judgment or order, including "excusable neglect," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The First Circuit has characterized Rule 60(b) as "a vehicle for extraordinary relief" and held that motions brought pursuant to that rule should be granted "only under exceptional circumstances." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27 (1st Cir. 2006) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)). A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no

unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

Here, Ntale's filings in this closed case fails to provide a basis for relief under Rule 60(b). To the extent Ntale seeks civil redress against the judge who presided over the state court proceedings, the judge has absolute immunity for actions taken while carrying out traditional adjudicatory functions. Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013). Additionally, if the state court matter is ongoing, this court will abstain from exercising its jurisdiction under Younger Doctrine. If the state court matter has concluded, this court is without subject matter jurisdiction under the Rooker-Feldman Doctrine. The only federal court with authority to review the rulings of state courts is the United States Supreme Court. Silva v. Massachusetts, 351 Fed. Appx. 450, 454 (1st Cir. 2009) (28 U.S.C. § 1257 vests the United States Supreme Court with exclusive jurisdiction over appeals from final state-court judgments) (citations omitted).

Based upon the foregoing, the request to reopen is denied and this case shall remain closed.

So ordered.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October 2, 2020

3